# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50084
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORDAN JERICHO BAUTISTA-GUNTER, also known as Jordan Jericho Bautista Gunter, also known as Jordan Bautista Gunter, also known as Jordan Bautista, also known as Jordan Gunter, also known as Forrest Gunter, also known as Jordan J. Burghard Gunter, also known as Forrest Jordan Gunter, also known as Jordan J. Burghard, also known as Jordan Forrest Gunter, also known as Jordan Jordan Burghard Gunter, also known as Forrest J. Gunter, also known as Forrest Jordan Burghard Gunter,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CR-176-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jordan Jericho Bautista-Gunter appeals his guilty plea convictions for possession of a firearm by a prohibited person and carrying a weapon on an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aircraft. He argues that the district court erred by denying his motion to withdraw his guilty plea because the Government breached its promise, contained in his plea agreement, that it would not oppose his receipt of a U.S.S.G. § 3E1.1 adjustment for acceptance of responsibility.

We need not decide whether the Government breached the plea agreement because it cured any breach by making sufficiently clear, both in its amended sentencing memorandum and during Bautista-Gunter's sentencing hearing, its intention to remain silent regarding whether Bautista-Gunter should receive the § 3E1.1 adjustment. *See United States v. Purser*, 747 F.3d 284, 293-94 (5th Cir. 2014). Although the Government referred during the sentencing hearing to the position expressed in its original sentencing memorandum, the Government's expressions of its intention to remain silent in accordance with the plea agreement were not "equivocal or half-hearted." *Id.* at 293 n.44.

AFFIRMED.